Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Patricia A. Ellis (Bar No. 130044)
pellis@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone:  (213) 620-0300
Facsimile:  (213) 625-1930

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DEBBIE WELHOELTER, | Case No. 2:13-CV-02238-MCE-CKD |
| Plaintiff, | **DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | Complaint Filed: October 25, 2013 |
| | Judge:  Hon. Morrison C. England, Jr. |

COMES NOW Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") and in response to the Complaint filed by Plaintiff DEBBIE WELHOELTER ("Plaintiff"), admits, denies, and/or alleges as follows:

## **JURISDICTION**

1.  Answering Paragraph 1 of the Complaint, Prudential is informed and believes and on that basis alleges that diversity of citizenship exists and that Plaintiff seeks in excess of $75,000.00, but denies that Plaintiff is entitled to any amount whatsoever from Prudential.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

134548.1

1

Case No.  2:13-CV-02238-MCE-CKD
THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA'S ANSWER TO  PLAINTIFF'S COMPLAINT

## VENUE

2. Answering Paragraph 2 of the Complaint, Prudential admits, based upon information and belief, that Plaintiff is, and was, a resident of Rocklin, in Placer County, California. Prudential further admits that venue is proper in the Eastern District of California. Except as expressly admitted, Prudential denies, generally, and specifically, each, every, and all of the allegations contained in Paragraph 2 of the Complaint, and all negative inferences contained therein.

## INTRADISTRICT ASSIGNMENT

3. Answering Paragraph 3 of the Complaint, Prudential admits that intradistrict assignment is proper to this Court's Sacramento Division.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Prudential admits, based on information and belief, that Plaintiff is, and was, a citizen of the State of California and a resident of Rocklin, County of Placer, State of California.

5. Answering Paragraph 5 of the Complaint, Prudential admits that it is a corporation organized under the laws of the State of New Jersey and that its principal place of business is in Newark, New Jersey. Prudential also admits that it is authorized to transact and is transacting business in the State of California. Any remaining or inconsistent allegations contained in Paragraph 5 of the Complaint are denied.

## ANSWER TO FIRST CLAIM FOR RELIEF
### (Breach of Contract)

6. Answering Paragraph 6 of the Complaint, Prudential admits that it issued Group Contract Number PVIB-03 ("the Policy") to The PruValue Insurance Benefits Trust ("The Trust").

7. Answering Paragraph 7 of the Complaint, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Prudential admits that the City of Rocklin joined the Trust effective July 1, 2010, and obtained coverage for long-term disability ("LTD") benefits under Group Contract Number PVIB-03 for specified employees of the City of Rocklin, including Plaintiff. Prudential alleges that the Policy documents speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Policy, and the coverage provided by the Policy. Except as otherwise expressly admitted and alleged, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint purport to summarize legal principles. To the extent a response is required to those allegations, Prudential admits, based on information and belief, that Rocklin is a governmental entity organized and operating under the laws of the State of California, and that its benefit plan is not subject to ERISA, 29 U.S.C. §§ 1001 *et seq*.

10. Answering Paragraph 10 of the Complaint, Prudential admits that Plaintiff was, from time-to-time, an employee of the City of Rocklin. Prudential alleges that the Policy documents speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Policy, and the coverage provided by the Policy. Except as otherwise expressly admitted and alleged, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Prudential alleges that the Policy documents speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Policy, and the coverage provided by the Policy. Except as otherwise expressly alleged, Prudential denies any allegations that are inconsistent with or misstate the terms of those documents and denies, generally and specifically, each, every, and all of the allegations contained in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, Prudential alleges that the Policy documents speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Policy, and the coverage provided by the Policy. Except as otherwise expressly alleged, Prudential denies any allegations that are inconsistent with or misstate the terms of those documents and denies, generally and specifically, each, every, and all of the allegations contained in Paragraph 12 of the Complaint.

13. The allegations contained in Paragraph 13 of the Complaint purport to summarize legal principles. To the extent a response is required to those allegations, Prudential denies those allegations and all remaining allegations contained in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, Prudential alleges that the Policy documents speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Policy, and the coverage provided by the Policy. Except as otherwise expressly alleged, Prudential denies any allegations that are inconsistent with or misstate the terms of those documents and denies, generally and specifically, each, every, and all of the allegations contained in Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, Prudential admits that Plaintiff submitted a claim for LTD benefits. Prudential alleges that the Policy and the file documenting Plaintiff's claim speak for themselves and are the best evidence of Plaintiff's alleged medical conditions, the administration of Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any, under the Policy. Except as otherwise expressly admitted and alleged, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 15 of the Complaint.

16. Answering Paragraph 16 of the Complaint, Prudential alleges that the Policy and the file documenting Plaintiff's claim speak for themselves and are the best evidence of Plaintiff's alleged medical conditions, the administration of

Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any, under the Policy. Except as otherwise expressly admitted and alleged, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 16 of the Complaint

17. Answering Paragraph 17 of the Complaint, Prudential alleges that the Policy and the file documenting Plaintiff's claim speak for themselves and are the best evidence of Plaintiff's alleged medical conditions, the administration of Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any, under the Policy. Except as otherwise expressly admitted and alleged, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 17 of the Complaint

18. Answering Paragraph 18 of the Complaint, Prudential alleges that the Policy and the file documenting Plaintiff's claim speak for themselves and are the best evidence of Plaintiff's alleged medical conditions, the administration of Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any, under the Policy. Except as otherwise expressly admitted and alleged, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 18 of the Complaint

19. Answering Paragraph 19 of the Complaint, Prudential alleges that the Policy and the file documenting Plaintiff's claim speak for themselves and are the best evidence of Plaintiff's alleged medical conditions, the administration of Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any, under the Policy. Except as otherwise expressly admitted and alleged, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 19 of the Complaint.

20. Answering Paragraph 20 of the Complaint, Prudential alleges that the Policy and the file documenting Plaintiff's claim speak for themselves and are the best evidence of Plaintiff's alleged medical conditions, the administration of

1  Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any,
2  under the Policy.  Except as otherwise expressly admitted and alleged, Prudential
3  denies, generally and specifically, each, every, and all of the allegations in Paragraph
4  20 of the Complaint.

5       21.   Answering Paragraph 21 of the Complaint, Prudential alleges that the
6  Policy and the file documenting Plaintiff's claim speak for themselves and are the
7  best evidence of Plaintiff's alleged medical conditions, the administration of
8  Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any,
9  under the Policy.  Except as otherwise expressly admitted and alleged, Prudential
10 denies, generally and specifically, each, every, and all of the allegations Paragraph
11 21 of the Complaint.

12      22.   Answering Paragraph 22 of the Complaint, Prudential alleges that the
13 Policy and the file documenting Plaintiff's claim speak for themselves and are the
14 best evidence of Plaintiff's alleged medical conditions, the administration of
15 Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any,
16 under the Policy.  Except as otherwise expressly admitted and alleged, Prudential
17 denies, generally and specifically, each, every, and all of the allegations in Paragraph
18 22 of the Complaint.

19      23.   Answering Paragraph 23 of the Complaint, Prudential alleges that the
20 Policy and the claim file documenting Plaintiff's claim speak for themselves and are
21 the best evidence of Plaintiff's alleged medical conditions, the administration of
22 Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any,
23 under the Policy.  Except as otherwise expressly admitted and alleged, Prudential
24 denies, generally and specifically, each, every, and all of the allegations in Paragraph
25 23 of the Complaint.

26      24.   Answering Paragraph 24 of the Complaint, Prudential admits that by
27 letter dated January 23, 2013, it advised Plaintiff that her claim for LTD benefits had
28 been denied.  Prudential alleges that the Policy and the file documenting Plaintiff's

LAW OFFICES
**MESERVE,**
**MUMPER &**
**HUGHES LLP**

134548.1

6

Case No.  2:13-CV-02238-MCE-CKD
THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA'S ANSWER TO  PLAINTIFF'S COMPLAINT

claim speak for themselves and are the best evidence of Plaintiff's alleged medical conditions, the administration of Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any, under the Policy.

25. Answering Paragraph 25 of the Complaint, Prudential alleges that the Policy and the file documenting Plaintiff's claim speak for themselves and are the best evidence of Plaintiff's alleged medical conditions, the administration of Plaintiff's claim, and of the terms, conditions and obligations of the parties, if any, under the Policy. Except as otherwise expressly admitted and alleged, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 25 of the Complaint.

26. Answering Paragraph 26 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 26 of the Complaint and all negative inferences contained therein.

27. Answering Paragraph 27 of the Complaint, Prudential denies, generally and specifically, each, every, and all of the allegations in Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Prudential alleges that the Policy documents speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Policy, and the coverage provided by the Policy. Except as otherwise expressly alleged, Prudential denies any allegations that are inconsistent with or misstate the terms of those documents and denies, generally and specifically, each, every, and all of the allegations contained in Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 29 of the Complaint.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

134548.1

7

Case No. 2:13-CV-02238-MCE-CKD
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

30. Answering Paragraph 30 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 30 of the Complaint, and all negative inferences contained therein.

31. Answering Paragraph 31 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 31 of the Complaint, and all negative inferences contained therein.

## ANSWER TO SECOND CLAIM FOR RELIEF
### (Insurance Bad Faith)

32. Answering Paragraph 32 of the Complaint, Prudential incorporates its responses to Paragraphs 1 through 31 of the Complaint as though fully set forth.

33. The allegations contained in Paragraph 33 of the Complaint purport to summarize legal principles. To the extent a response is required to those allegations, Prudential acknowledges the duty of good faith and fair dealing. To the extent Plaintiff implied the breach of such duty, Prudential denies those allegations and all remaining allegations contained in Paragraph 33 of the Complaint, and all negative inferences contained therein.

34. Answering Paragraph 34 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 34 of the Complaint, and all negative inferences contained therein.

35. Answering Paragraph 35 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 35 of the Complaint, and all negative inferences contained therein.

36. Answering Paragraph 36 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 36 of the Complaint, and all negative inferences contained therein.

37. Answering Paragraph 37 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 37 of the Complaint, and all negative inferences contained therein.

38. Answering Paragraph 38 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 38 of the Complaint, and all negative inferences contained therein.

39. Answering Paragraph 39 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 39 of the Complaint, and all negative inferences contained therein.

40. Answering Paragraph 40 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 40 of the Complaint, and all negative inferences contained therein.

41. Answering Paragraph 41 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 41 of the Complaint, and all negative inferences contained therein.

42. Answering Paragraph 42 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 42 of the Complaint, and all negative inferences contained therein.

43. Answering Paragraph 43 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 43 of the Complaint, and all negative inferences contained therein.

44. Answering Paragraph 44 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 44 of the Complaint, and all negative inferences contained therein.

45. Answering Paragraph 45 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 45 of the Complaint, and all negative inferences contained therein.

## ANSWER TO THIRD CLAIM FOR RELIEF

**(Intentional Infliction of Emotional Distress)**

46. Answering Paragraph 46 of the Complaint, Prudential incorporates its responses to Paragraphs 1 through 45 of the Complaint as though fully set forth.

47. Answering Paragraph 47 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 47 of the Complaint, and all negative inferences contained therein.

48. Answering Paragraph 48 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 48 of the Complaint, and all negative inferences contained therein.

49. Answering Paragraph 49 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations contained in Paragraph 49 of the Complaint, and all negative inferences contained therein.

Any allegations contained in Plaintiff's Complaint that have not been specifically admitted above are hereby denied.

## ANSWER TO REQUEST FOR RELIEF

Answering Paragraphs 1 through 7 of Plaintiff's Request for Relief, Prudential denies that Plaintiff has been damaged in the amounts alleged, in any amount, or at all, and further denies that Plaintiff is entitled to any relief or remedy whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

As additional defenses to Plaintiff's Complaint, Prudential alleges and avers as follows:

## FIRST DEFENSE

1. Prudential alleges that the Complaint, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Prudential.

## SECOND DEFENSE

2. Prudential alleges that Plaintiff's insurance bad faith claim fails on the grounds that any and all actions taken by Prudential were fair, reasonable, and in good faith, and therefore subject to a bona fide dispute, and a genuine issue of liability exists.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

134548.1

10

Case No. 2:13-CV-02238-MCE-CKD
THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRD DEFENSE

3.  Prudential alleges that even if it is determined that Plaintiff is presently disabled under the terms of the applicable insurance policy, which contention Prudential expressly denies, such determination does not mean that the Plaintiff would be entitled to unlimited future benefits under the applicable insurance policy given, *inter alia*, the possibility of Plaintiff's recovery, as well as the effect of different requirements, exclusions and/or limitations under the applicable insurance policy.

### FOURTH DEFENSE

4.  Prudential alleges that if Plaintiff has sustained any damages as alleged in the Complaint, which Prudential denies, she failed to mitigate said damages.

### FIFTH DEFENSE

5.  Prudential is informed and believes, and on that basis alleges, that Plaintiff has waived any and all claims that she may have or have had to the relief, if any, referred to in the Complaint.

### SIXTH DEFENSE

6.  Prudential is informed and believes, and on that basis alleges that Plaintiff is estopped from alleging that Prudential caused or contributed to the damages, if any, referred to in the Complaint.

### SEVENTH DEFENSE

7.  Prudential alleges, without conceding that Plaintiff has sustained any damages as alleged in her Complaint, that if any such damages were sustained by Plaintiff, they were caused and/or contributed to by the actions and/or negligence of Plaintiff and/or her agents or representatives and/or by persons or entities other than Prudential, who at all times were acting without the consent, authorization, knowledge or ratification of Prudential, with regard to any and all of the acts alleged in the Complaint, and the award of damages, if any, should be reduced by the

proportionate percentage of the wrong attributable to those persons or entities and/or Plaintiff and/or her agents and representatives.

### EIGHTH DEFENSE

8. Without conceding that Plaintiff has suffered any damages as alleged in the Complaint, Prudential alleges that if any such damages were sustained by Plaintiff, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to California Civil Code Section 1431.2 and any relevant provisions of California common and statutory law.

### NINTH DEFENSE

9. Prudential alleges that it has fully performed all of its duties and obligations, if any, under any contract or relationship with Plaintiff. All events, happenings, injuries and damages referred to in Plaintiff's Complaint were proximately caused by the negligence and/or fault of Plaintiff and/or firms, persons, corporations or entities other than Prudential and as to whom Prudential exercises no control.

### TENTH DEFENSE

10. Prudential alleges that its purported obligations, if any, as alleged in the Complaint, were fully performed.

### ELEVENTH DEFENSE

11. Prudential alleges that Plaintiff failed to comply with one or more conditions precedent to obtaining coverage under the applicable insurance policy and/or benefits pursuant to the applicable insurance policy.

### TWELFTH DEFENSE

12. Prudential alleges that Plaintiff has not supplied Plaintiff with sufficient facts, proof or documentation that would support the payment to Plaintiff of benefits under the policies and/or certificates of insurance at issue in the Complaint.

## THIRTEENTH DEFENSE

13. Prudential alleges that the bases by which punitive damages are imposed pursuant to California statutory and common law, are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause) and the Fourteenth Amendments to the United States Constitution and the equivalent provisions in the California Constitution.

## FOURTEENTH DEFENSE

14. Prudential alleges that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of Prudential's status in violation of its rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

## FIFTEENTH DEFENSE

15. Prudential alleges that the imposition of punitive damages against it would violate California Civil Code Section 3294.

## SIXTEENTH DEFENSE

16. Prudential alleges that Plaintiff's remedy for any alleged breach of contract is limited by California Civil Code Sections 3300 and 3302.

## SEVENTEENTH DEFENSE

17. Prudential alleges that Plaintiff's damage claim, if any, is limited by the provisions of California Insurance Code Section 10111.

## EIGHTEENTH DEFENSE

18. Prudential presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses. Prudential reserves the right to assert additional affirmative defenses in the

event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

**PRAYER**

WHEREFORE, Prudential prays for a judgment in its favor and against Plaintiff as follows:

1. An order dismissing the Complaint, with prejudice, with respect to all claims for relief;

2. An order declaring that Plaintiff take nothing on her Complaint;

3. An order declaring that no benefits or damages are payable to Plaintiff under the Policy;

4. For judgment against Plaintiff and in favor of Prudential;

5. That Prudential be awarded reasonable attorneys' fees;

6. That Prudential be awarded its costs of suit; and

7. For such other and further relief as the Court may deem just and proper.

Dated: December 18, 2013

Linda M. Lawson
Patricia A. Ellis
MESERVE, MUMPER & HUGHES LLP


By: */S/ Patricia A. Ellis*
Patricia A. Ellis
Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA